**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2946
_____

SHAN TENG CHEN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-903-554)
Immigration Judge: Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 21, 2011

Before: FUENTES, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: December 22, 2011)
_____

OPINION
_____

PER CURIAM

　　Shan Teng Chan, a Chinese citizen, seeks review of a final order of the Board of

Immigration Appeals ("BIA"). For the following reasons, we will deny the petition for

review.

1

I.

Chen entered the United States without inspection in August 2004. In March 2005, he filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"), claiming that he was persecuted under China's family planning policy. Chen was later charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i).

At his removal proceedings, Chen testified that after his wife gave birth to a child in 1991, she was forced to wear an IUD and to consent to periodic checkups. Chen assisted his wife in having the IUD removed in September 1994, and his wife became pregnant one month later. Chen's wife went into hiding, but was discovered by the authorities and forced to have an abortion in 1995. Then, in February 2004, when Chen tried to intervene in his sister's forced sterilization, family planning officials slapped him, pushed him away, and accused him of resisting the family planning laws. Chen did not indicate that he had any additional problems with the Chinese officials or that they have looked for him since he departed from China.

In June 2009, an Immigration Judge ("IJ") denied Chen's application for relief, determining that he failed to meet his burden of proof. In June 2011, the BIA affirmed the IJ's decision.[1] The BIA agreed that Chen did not establish past persecution, explaining that he was not per se entitled to refugee status based on his wife's forced

---

[1] The BIA determined that it was improper for the IJ to assess the petition under the REAL ID Act because Chen's application was filed before its enactment. It properly concluded, however, that the error was harmless because it did not "alter the results in this case."

abortion.  See Lin-Zheng v. Att'y Gen., 557 F.3d 147 (3d Cir. 2009) (en banc); Matter of J-S-, 24 I. & N. Dec. 520 (A.G. 2008).  Chen also did not show that his "resistance" to the family planning policies resulted in harm that could be classified as persecution.  The BIA concluded that Chen did not have a well-founded fear of persecution on account of any resistance to the family planning policy, as he did not indicate that he had problems in China following his encounter with the family planning officials, or that officials had looked for him since he had left China.

Chen, through counsel, has filed a petition for review which the government opposes.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1).  The BIA's decision is reviewed under the substantial evidence standard and will be upheld "unless the evidence not only supports a contrary conclusion, but compels it."  Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (internal citation omitted).

As the BIA concluded, Chen may not rely on his wife's forced abortion to establish automatic asylum eligibility based on past persecution.  See Lin-Zheng, 557 F.3d at 156.  Based on the statutory definition of refugee under 8 U.S.C. § 1101(a)(42), we have determined that refugee status extends only to individuals who have been subjected to an involuntary abortion or sterilization procedure, have been persecuted for failure to undergo such a procedure, or have a well-founded fear of such persecution in the future.  Lin-Zheng, 557 F.3d at 156.  Spouses are eligible for relief if they qualify as a

3

refugee based on their own persecution or well-founded fear of persecution for "other resistance" to a coercive population control program. Id. at 157.

Chen argues that he was persecuted for resisting the family planning policies when he tried to stop officials from forcibly sterilizing his sister. However, even assuming that his actions constitute "other resistance," substantial evidence supports the BIA's determination that Chen was not persecuted. See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993) (defining persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom").[2] Chen asserts that he was slapped, pushed, and accused of resisting the family planning policies when he tried to help his sister. This type of treatment does not constitute persecution.

Further, Chen also has not set forth any argument sufficient to compel us to overturn the BIA's decision that he failed to establish a well-founded fear of future persecution if he returns to China. See Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003) (explaining a petitioner's burden to prove a well-founded fear of future when he or she has not established past persecution).

Because the threshold for asylum is lower than that for withholding of removal, Chen cannot successfully challenge the denial of his withholding of removal claim. See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008). Finally, we agree that Chen failed to establish eligibility for CAT protection. See 8 C.F.R. § 208.16(c)(4).

---

[2] Chen also asserts that he is eligible for relief because he resisted the family planning policies because he removed his wife's IUD. However, as the Government argues, Chen does not allege that he suffered any harm due to this action and thus he cannot establish that he is eligible for relief. See Fatin, 12 F.3d at 1240.

4

In sum, the evidence does not compel us to overturn the BIA's decision to deny

Chen's claims, and for the foregoing reasons, we will deny the petition for review.